```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STELLA VARRIALE,                                  :

                    Plaintiff,                    :

        -against-                                 :
                                                                REPORT and RECOMMENDATION
LINCOLN CTR. FOR THE PERFORMING ARTS,             :             10 Civ. 1241 (PAC)(KNF)

                    Defendant.                    :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/9/10

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE PAUL A. CROTTY, UNITED STATES DISTRICT JUDGE

On February 17, 2010, the plaintiff, Stella Varriale ("Varriale"), proceeding pro se, commenced the instant employment discrimination action, pursuant to the American with Disabilities Act of 1990, 42 U.S.C. § 12112 et seq. Varriale failed to serve a copy of the summons and complaint upon the defendant within 120 days of that date. In an order, dated June 22, 2010, the Court directed Varriale to effect service of the summons and complaint upon the defendant, and file proof of that service, on or before July 22, 2010. The order advised Varriale that should she fail to effect service by that date or to show cause, in writing, why service had not been effected, a report and recommendation would be made to your Honor to dismiss the complaint for failure to prosecute, pursuant to Rules 4 and 41 of the Federal Rules of Civil Procedure. The docket sheet, maintained by the Clerk of Court for this action, does not indicate that Varriale has filed any proof of service. The plaintiff has not provided the Court with any writing explaining why she has not served the defendant timely.

Fed. R. Civ. P. 4(m) provides, in pertinent part, that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Moreover, Fed. R. Civ. P. 41(b) authorizes the district court to dismiss an action for failure to prosecute or to comply with a court order. See LaSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001); Lucas v. Miles, 84 F.3d 532, 534-35 (2d Cir. 1996).

1

Since initiating the instant action, Varriale has not effected service within the original 120-day period provided by Fed. R. Civ. P. 4(m), nor within the additional period provided by the Court's June 22, 2010 order. Moreover, after receiving notice that a continued failure to prosecute the action would result in a report and recommendation that her complaint be dismissed, she has not submitted any writing to the Court to show cause for failing to comply with the above-noted order.

## RECOMMENDATION

For the reasons set forth above, I recommend that the instant action be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 4(m) and 41(b).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty, 500 Pearl Street, Room 735, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Crotty. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140, 470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
       August 6, 2010

Respectfully submitted,

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

2