UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 6, 2011_____
```

--------------------------------------------------------x

STELLA VARRIALE,                          :
                                          :
                    Plaintiff,            :        10 Civ. 1241 (PAC) (KNF)
     -against-                            :
                                          :        ORDER ADOPTING R&R
LINCOLN CENTER FOR THE                    :
PERFORMING ARTS,                          :
                                          :
                    Defendant.            :
                                          :
---------------------------------------------------------x


HONORABLE PAUL A. CROTTY, United States District Judge:

   *Pro se* plaintiff Stella Varriale ("Varriale" or "Plaintiff") initiated this employment

discrimination action against the Defendant, Lincoln Center for the Performing Arts, pursuant to the

American with Disabilities Act of 1990, 42 U.S.C. §12112 *et seq.*  Varriale filed her complaint on

February 17, 2010, but failed to serve a copy of the summons and complaint upon the defendant within

120 days of that date, pursuant to Federal Rule of Civil Procedure 4(m).

   On March 3, 2010, the Court referred the case to Magistrate Judge Fox for general pretrial

matters.  On June 22, 2010, Magistrate Judge Fox issued an order directing Varriale to serve the

summons and complaint upon the defendant, along with proof of that service, on or before July 22,

2010. (Report and Recommendation ("R&R") 1.)  Magistrate Judge Fox specifically stated that if

Varriale failed to make such service, he would issue an R&R recommending that the complaint be

dismissed for failure to prosecute, pursuant to Federal Rules of Civil Procedure 4(m) and 41(b).  (Id.)

On August 9, 2010, Magistrate Judge Fox issued such an R&R, in light of Varriale's failure to effect

service upon the defendant either within the original 120 days prescribed by Rule 4(m) or within the

extended time period afforded by the June 22, 2010 order, and for failing to make a submission showing

cause for failing to comply with the June 22, 2010 Order. (R&R 1-2.)

Following issuance of the R&R, and in response to Varriale's letters dated August 12, 2010 and

September 17, 2010, this Court granted her two extensions of 30 days and 45 days, respectively, to file

objections to Magistrate Judge Fox's R&R.  In granting the second extension, this Court expressly stated

that no further extensions would be provided.  No objections have been filed.

## DISCUSSION

In reviewing a report and recommendation, a Court "may accept, reject, or modify, in whole or

in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To

accept the report and recommendation of a magistrate, to which no timely objection has been made, a

district court need only satisfy itself that there is no clear error on the face of the record." Nelson v.

Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y.1985) (citations omitted).

Fed. R. Civ. P. 4(m) provides that "[i]f a defendant is not served within 120 days after the

complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the

action without prejudice against that defendant or order that service be made within a specified time. But

if the plaintiff shows good cause for the failure, the court must extend the time for service for an

appropriate period."  Additionally, under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply

with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

When considering a dismissal without prejudice pursuant to Rule 41(b), courts in this Circuit consider

five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether

plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are

likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in

managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether

the judge has adequately considered a sanction less drastic than dismissal." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).

Magistrate Judge Fox found that, because Varriale did not effect service on the defendant within the designated time (and an extension of that time), and failed to show cause for failing to comply with the June 22, 2010 Order, her complaint should be dismissed without prejudice pursuant to Federal Rules of Civil Procedure 4(m) and 41(b). Magistrate Judge Fox and this Court have afforded Varriale multiple opportunities to proceed with her action by (1) extending the period within which she must effect service, (2) giving her the chance to excuse her lack of action by providing the Court with a writing to show cause, and (3) twice extending her time to object to Magistrate Judge Fox's R&R. Accordingly, Varriale's non-action warrants dismissal of her claims without prejudice.

## CONCLUSION

Finding no clear error in Magistrate Judge Fox's analysis, the Court adopts Magistrate Judge Fox's R&R in its entirety. Plaintiff's complaint is, therefore, dismissed without prejudice. The Clerk of Court is directed to enter judgment and close this case. Pursuant to 28 U.S.C § 1915(a), I find that any appeal from this order would not be taken in good faith.

Dated: New York, New York
     April _6 2011

                              SO ORDERED

                              PAUL A. CROTTY
                              United States District Judge

Copy mailed to:

Stella Varriale
7724 16th Avenue
Brooklyn, NY 11214-1002